UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINA SHANAY BROWN,

        Plaintiff,

-against-

UNITED PARCEL SERVICE INC, Individually and d/b/a UPS and AXEL DOE, Individually,

        Defendants.

Case No. 20-cv-09602

---

# DEFENDANT UNITED PARCEL SERVICE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

---

Dated: January 4, 2021
New York, New York

**LITTLER MENDELSON, P.C.**
900 Third Avenue
New York, NY 10022
(212) 583-9600

*Attorneys for Defendant*
UNITED PARCEL SERVICE INC.

**TABLE OF CONTENTS**

                                                                                                              **PAGE**

I.     PRELIMINARY STATEMENT ........................................................................................ 1

II.    RELEVANT PROCEDURAL HISTORY ........................................................................ 1

III.   ARGUMENT ..................................................................................................................... 1

        A.     UPS Properly Removed This Action on the Basis of Diversity Jurisdiction ......... 1

        B.     UPS's Notice of Removal Was Timely Filed ......................................................... 2

        C.     Individual Defendant Axel "Doe" Was Not Properly Identified or Served,
                and Thus Not Required to Consent to Removal ..................................................... 4

IV.   CONCLUSION ................................................................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Buechner v. Avery*,
 No. 05 Civ. 2074, 2005 WL 3789110 (S.D.N.Y. July 8, 2005) ..................................4

*Christina Shanay Brown v. United Parcel Service Inc., Individually and d/b/a
 UPS and Axel Doe, Individually*,
 Index No. 30687/2020E ..................................................................................1, 3

*Grello v. J.C. Penny Corp.*,
 No. 03 Civ. 8245 (CSH), 2003 WL 22772397 (S.D.N.Y. Nov. 21, 2003)................3

*Rubert v. King, et al*,
 7:19-cv-02781-KMK (S.D.N.Y. August 31, 2020) ..................................................6

*Warshun v. N.Y. Cmty. Bancorp, Inc.*,
 957 F. Supp. 2d 259 (E.D.N.Y. 2013) .....................................................................4

*Yang v. ELRAC, Inc.*,
 03 Civ. 9224(CSH), 2004 WL 235208 (S.D.N.Y. Feb. 3, 2004)..............................3

**Statutes**

28 U.S.C. § 1331...............................................................................................................2

28 U.S.C. § 1332............................................................................................................1, 2

28 U.S.C. § 1441............................................................................................................1, 4

28 U.S.C. § 1446............................................................................................................1, 2

SECTION 306 OF THE BUSINESS CORPORATION LAW .........................................3

**Other Authorities**

L. Civ. R. 6.4..................................................................................................................1, 4

CPLR 308 (2)..................................................................................................................5, 6

CPLR 318...........................................................................................................................5

Federal Rule of Civil Procedure 4(e), 6(a)(1)(C)........................................................1, 4, 5

# I. PRELIMINARY STATEMENT

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant United Parcel Service, Inc. ("UPS") removed the above-captioned action on the basis of diversity jurisdiction to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of Bronx. Plaintiff Christina Shanay Brown now moves to remand this action back to state court, baselessly claiming that UPS's Notice of Removal was untimely and lacked necessary consent by Individual Defendant Axel "Doe."

As set forth below, the record evidence establishes that (1) UPS timely filed its removal notice in compliance with both Federal Rule of Civil Procedure 6(a) and Local Rule 6.4; and (2) Mr. "Doe" was not properly identified or served with Plaintiff's Complaint, and therefore his consent was not required. Removal of this action was properly effectuated and the Court should deny Plaintiff's Motion to Remand.

# II. RELEVANT PROCEDURAL HISTORY

On or about August 5, 2020, Plaintiff commenced this action by filing a Complaint in the Supreme Court of the State of New York, County of Bronx, captioned *Christina Shanay Brown v. United Parcel Service Inc., Individually and d/b/a UPS and Axel Doe, Individually,* Index No. 30687/2020E (the "State Court Action"). On October 16, 2020, Plaintiff served UPS, through its registered agent via certified mail, with a copy of the Summons and Complaint. (Dkt. No. 1-1 at 2.) Plaintiff also mailed a copy of the Summons and Complaint to Axel "Doe" at the UPS facility where he worked. (*Id.* at 5.) On November 16, 2020, which was a Monday, UPS filed its Notice of Removal with this Court. (Dkt. No. 1 at 1-6.)

# III. ARGUMENT

### A. UPS Properly Removed This Action on the Basis of Diversity Jurisdiction.

As UPS pleaded in its Notice of Removal, this Court has original jurisdiction by virtue of

1

diversity jurisdiction granted by 28 U.S.C. § 1332(a). (Dkt. No. 1 ¶ 5.) Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states. (*Id.* (*citing* 28 U.S.C. § 1332).)

Plaintiff is an individual and citizen of the State of New York, residing in New York County, State of New York. (Dkt. No. 1-1 ¶ 2.) UPS is a foreign business corporation formed under the laws of the State of Ohio, with its corporate headquarters and principal place of business located in Atlanta, Georgia. (Dkt. No. 1-3 at 2.) Because Plaintiff is a citizen of New York, and UPS is not a citizen of New York, complete diversity of citizenship exists between Plaintiff and UPS, and this Court has diversity jurisdiction. (Dkt. No. 1 ¶ 9.) Plaintiff does not dispute that both of the requirements for subject matter jurisdiction based on diversity are met in this case. (*Id.*)[1]

### B. UPS's Notice of Removal Was Timely Filed.

UPS's Notice of Removal was timely filed, pursuant to 28 U.S.C. § 1446(b), within thirty (30) days from the date on which Plaintiff served UPS with her Complaint. (Dkt. No. 1 ¶ 4).[2]

Plaintiff claims that she "served his [sic] complaint upon the defendant on September 25, 2020" and cites an "Affidavit of Service" in support thereof. (Dkt. No. 18 at 4 (Dkt. No. 18-2).) However, per that Affidavit, Plaintiff's agent served the "Office of the Secretary of the State of New York" on September 25, 2020.[3] (*Id.* at 2.) Furthermore, the Receipt for Service issued by the Department of State for the State of New York, which is attached to the Affidavit, indicates

---

[1] In its Notice of Removal, UPS inadvertently cited 28 U.S.C. § 1331 (federal question jurisdiction) in its opening sentence, instead of § 1332 (diversity jurisdiction) as intended. (Dkt. No. 1 at 1.) UPS substantively pleaded diversity jurisdiction, not federal question jurisdiction, as its basis for removal. (*See* Dkt. No. 1 ¶¶ 5-23.)

[2] The parties' stipulation to extend UPS's time to answer or otherwise respond to the Complaint did not purport to extend the filing deadline imposed by statute for UPS's Notice of Removal. (Dkt. No. 1-2 at 2.)

[3] Notably, Plaintiff's Affidavit of Service states that it was filed on September 22, 2020, despite averring service on September 25, and the notary public did not execute the date upon which the affidavit was sworn. (Dkt. No. 18-2 at 2.)

that "Service *was directed to be made* pursuant to: SECTION 306 OF THE BUSINESS CORPORATION LAW" on UPS "[Care of]" its registered agent "Corporation Service Co." (*Id.* at 1 (emphasis added).) Both the Affidavit and the Receipt thus indicate that Plaintiff filed her Summons and Complaint with the Secretary of State's Office in order for service to be later effectuated upon UPS.

Indeed, filing with the Secretary of State's Office in and of itself did not trigger the 30-day removal filing deadline. "That the New York Business Corporation Law recognizes service of process as being complete in civil actions brought against a corporation authorized to do business in the state once the Secretary of State has been served is not relevant to [the] question of whether defendant's notice of removal is timely." *Grello v. J.C. Penny Corp.*, No. 03 Civ. 8245 (CSH), 2003 WL 22772397, at *2 (S.D.N.Y. Nov. 21, 2003) (internal quotation marks and citation omitted). Instead, "the thirty-day period does not begin to run until the defendant actually receives a copy of the pleadings." *Id.*; *see Yang v. ELRAC, Inc.,* 03 Civ. 9224(CSH), 2004 WL 235208, at *1 (S.D.N.Y. Feb. 3, 2004) ("[T]he thirty-day deadline for filing a Notice of Removal tolls thirty days from the receipt of the initial pleadings by the defendants themselves, rather than the date on which the Secretary of State has been served.") (citing *Grello,* 2003 WL 22772397 at *1).

As previously indicated, service was made on UPS via certified mail to Corporation Service Co. on October 16, 2020. (Dkt. No. 1-1 at 2.) UPS filed its Notice of Removal on November 16, 2020. While November 16th was 31 days after service of the Summons and Complaint, the 30th day (November 15) fell on a Sunday.

Per Federal Rule of Civil Procedure 6(a)(1)(C), "if the last day [of the filing period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, Monday November 16, 2020 was the final day

for UPS to timely file for removal, as it did. *See Buechner v. Avery*, No. 05 Civ. 2074, 2005 WL 3789110, at *3 (S.D.N.Y. July 8, 2005) ("The thirtieth day measured from the date plaintiffs contend they were served was…also a Court-observed holiday. Under Rule 6(a), Fed. R. Civ. P., because the last day for performing the act was a state holiday, performance was extended to the next business day, Monday, February 14, 2005.") This Court's Local Rules also invoke Federal Rule 6, and also defer to the next business day when a filing period falls on a Sunday. *See* L. Civ. R. 6.4. Accordingly, UPS's Notice of Removal remains timely filed.

### C. Individual Defendant Axel "Doe" Was Not Properly Identified or Served, and Thus Not Required to Consent to Removal.

Plaintiff argues that because UPS' Notice of Removal "does not indicate that the individual defendant AXEL DOE consented to this removal," the removal lacks the requisite unanimity among defendants. (Dkt. No. 18, at 6-7.) However, as UPS has pleaded, the "fictitious defendant [Axel 'Doe'] has not been adequately identified," therefore "its citizenship is irrelevant and its consent to removal is not required pursuant to 28 U.S.C. § 1441(a)." (Dkt. No. 1 ¶ 13.)

Moreover, only UPS has been properly served, thus only UPS filed for removal. Federal Rule of Civil Procedure 4(e) states that service may be affected on an individual by: (1) delivering a copy of the summons and the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling; (3) delivering a copy to an agent authorized by appointment or by law; or (4) following state law regarding proper service. S*ee Warshun v. N.Y. Cmty. Bancorp, Inc.*, 957 F. Supp. 2d 259, 266 (E.D.N.Y. 2013) (citing Fed. R. Civ. P. 4(e)(1)-(2)) (holding that service was not effectuated when summonses were left at an office of the individual defendants' employer). Plaintiff has not complied with Rule 4(e).

Plaintiff, however, purported to serve Axel "Doe" simply by mailing a copy of her Complaint, via certified mail, to the UPS facility located at 545 Brush Avenue, Bronx, New York,

4

on September 22, 2020. (Dkt. 1-1 at 5.) This purported service does not meet the requirements of Rule 4(e)(1) through (3). Plaintiff did not claim to have identified or served Axel "Doe" personally: no copy was ever left at his dwelling, and no agent authorized by Mr. "Doe" ever accepted service. (*See* Dkt. No. 18 at 7.)

Similarly, Plaintiff did not properly effectuate service upon Mr. "Doe" under state law either. Like Federal Rule 4(e), CPLR 308 provides several initial methods by which a defendant can be properly served: (1) by personally delivering the summons to the individual; (2) by delivering the summons to the individual's place of business and by mailing the summons to that individual; or (3) by delivering the summons to defendant's agent as designated under CPLR 318 (requiring defendant to have previously consented to an agent in writing – which Mr. "Doe" did not). *See* CPLR 308.

None of these methods of service occurred in the instant matter. The only method close to have been employed is set forth under CPLR 308(2)—service via delivery to a person's place of business <u>and</u> by mailing. There is no evidence, however, that any proper mailing occurred. Rule 308(2) requires that – within 20 days of delivery upon his place of business – Plaintiff was required to have mailed the summons to Mr. "Doe" at his "last known residence or by mailing the summons by first class mail" to Mr. "Doe" at his "actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served." Here, there is no evidence that the summons was ever mailed to Mr. "Doe's" residence, or that the mailing to the UPS facility was marked as required by CPLR 308(2). *See* Memo

Endorsement No. 44, *Rubert v. King, et al,* 7:19-cv-02781-KMK, at 3 (S.D.N.Y. August 31, 2020).[4]

In sum, Defendant "Doe" has neither been properly identified nor served. Accordingly, his consent to removal is not required, and only UPS filed removal papers.

## IV.     CONCLUSION

For the reasons stated herein, UPS has demonstrated that this Court maintains diversity jurisdiction over Plaintiff's claims.  Accordingly, UPS respectfully requests that this Court deny Plaintiff's Motion to Remand to the Supreme Court of the State of New York, County of Bronx, and that this action proceed in the United States District Court for the Southern District of New York as an action properly removed to it, and grant UPS all other relief it deems just and proper,

Dated: January 4, 2021
         New York, New York

**LITTLER MENDELSON, P.C.**


By: */s/ Christine L. Hogan*
    Christine L. Hogan
    900 Third Avenue
    New York, NY 10022
    (212) 583-9600

    *Attorneys for Defendant*
    UNITED PARCEL SERVICE INC.

---

[4] *See* the January 4, 2021 Declaration of Christine L. Hogan annexed hereto at Exhibit A.